**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRUCE L. HOFFMAN,
Plaintiff-Appellant,

v.

JESSE BROWN, Secretary, Department
of Veteran's Affairs,
Defendant-Appellee.

No. 97-1145

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Max O. Cogburn, Magistrate Judge.
(CA-96-53-1-C)

Submitted: April 21, 1998

Decided: May 19, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Brewer, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Clifford C. Marshall, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bruce L. Hoffmann filed this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552 (West 1996 & Supp. 1998), and the Privacy Act (PA), 5 U.S.C.A. § 552a (West 1996 & Supp. 1998), seeking full disclosure of an unauthorized audiotape of Hoffmann and other employees in the Engineering Section of the Veterans Administration Medical Center (VAMC), and an unredacted copy of a certain investigative report of the Veterans Administration (VA) Police. He appeals the order of the magistrate judge[1] ordering the Government to provide him with a redacted transcript or copy of the audiotape and upholding the redaction of private citizen identifiers from the investigative report under FOIA exemptions. We affirm.[2]

As the order appealed arises from a ruling on motions for summary judgment, our review is de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Hoffmann first takes issue with the magistrate judge's finding that the redaction of private citizen identifiers from the investigative report of the VA Police was proper under FOIA. He contends that because the VA Police were not conducting a criminal investigation, the identifiers in the report were not exempt from disclosure under 5 U.S.C.A. § 552(b)(7)(C) (West 1996). After reviewing the record, we conclude that the VA Police were indeed conducting a criminal investigation. We therefore find that the private citizen identifiers were exempt from disclosure under both FOIA and the PA because the production of that information could reasonably be expected to constitute an unwar-

_____

[1] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C.A. § 636(c)(1) (West Supp. 1998).
[2] The Government appears to contend that Hoffmann failed to properly exhaust administrative remedies. We find that the Government conceded exhaustion at the hearing on the cross motions for summary judgment.

2

ranted invasion of personal privacy. See 5 U.S.C.A. §§ 552(b)(7)(C), 552a(j)(2), (k)(2) (West 1996).

Hoffmann next contends that the magistrate judge erred in concluding that he was entitled only to a redacted transcript or copy of an unauthorized audiotape made of Hoffmann and other VAMC employees by a coworker with a voice activated tape recorder. Our review of the record discloses that the magistrate judge correctly found that Hoffmann was entitled to a transcript of the tape which was redacted when there was no consent by individual VAMC employees. Because the tape was compiled for law enforcement purposes pursuant to investigations by the VA Inspector General and the United States Attorney's Office, and since the release of dialogue of unconsenting persons could reasonably be expected to constitute an unwarranted invasion of personal privacy, we find the exemption proper under both FOIA and the PA. See 5 U.S.C.A. §§ 552(b)(7)(C), 552a(j)(2), (k)(2); John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989).

Finally, Hoffmann maintains that the magistrate judge failed to address his request for a permanent injunction against the VAMC from withholding properly requested information. As pointed out by the Government, there is no right of prospective injunctive relief under either FOIA or the PA. See 5 U.S.C.A.§ 552(a)(4)(B), 552a(g)(3)(A).

Accordingly, we affirm the magistrate judge's order. Having previously granted Appellant's motion to consider the case on the briefs, we dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED